EXECUTION VERSION

## PHANTOM STOCK AGREEMENT

This Phantom Stock Agreement ("<u>Agreement</u>") is dated effective as of November 12, 2017 ("<u>Grant Date</u>"), by and between London Trust Media Incorporated, an Indiana corporation ("<u>Corporation</u>"), and Turnkey Linux Ltd., an Israeli corporation ("<u>Recipient</u>").

## RECITALS

A.  The Corporation through its Board of Directors ("<u>Board</u>") has adopted the London Trust Media Incorporated Phantom Stock Ownership and Long Term Incentive Plan ("<u>Plan</u>") as amended from time to time.

B.  The Board has determined that it is in the best interest of the Corporation that the Corporation grants to the Recipient shares of Phantom Stock ("<u>Phantom Stock</u>") pursuant to the terms, and subject to the conditions, of this Agreement and the Plan.

The parties, intending to be legally bound, agree as follows:

## ARTICLE 1
## DEFINITIONS

Any capitalized terms used in this Agreement but not defined in this Agreement shall have the respective meanings given to such terms in the Plan, a copy of which has been made available to Recipient.

## ARTICLE 2
## GRANT OF SHARES OF PHANTOM STOCK

Pursuant to the terms and subject to the conditions of this Agreement and the Plan, the Corporation grants to the Recipient 250 shares of Phantom Stock. In general, and subject to the term and conditions of this Agreement, and the Board Adviser Agreement ("<u>BAA</u>") dated effective the Grant Date between the Corporation and the Recipient, each grant of Phantom Stock will not be subject to forfeiture. In lieu of the Vesting Schedules set forth in the Plan, the 250 Shares of Phantom Stock granted to the Recipient are vested as of the Grant Date but are subject to forfeiture as set forth in Schedule 2 of the Board Adviser Agreement (vested Shares shall be forfeited based on a monthly proration basis and date of termination in the event the BAA is terminated before the three-year anniversary of the Effective Date (as defined in the BAA).

## ARTICLE 3
## DURATION OF SHARES OF PHANTOM STOCK

The shares of Phantom Stock shall be redeemable upon the consummation of a Change in Control Transaction ("<u>Redemption Date</u>"), as set forth in the Plan, and shall be redeemed within 30 days of the Redemption Date.

1

## ARTICLE 4
## REDEMPTION OF SHARES

Section 4.1. Redemption. The Recipient shall redeem shares of Phantom Stock within 30 days of the Redemption Date upon compliance with the following additional terms:

(a) Method of Redemption. The Recipient shall redeem shares of Phantom Stock by written notice, which written notice shall:

(i) State the number of shares of Phantom Stock to be redeemed;

(ii) Be signed by the Recipient; and

(iii) Be in writing and delivered in person or by certified mail to the Chairman of the Board of the Corporation.

(b) Payment upon Redemption of Phantom Stock. Payment of any income and employment tax withholding (if applicable) shall accompany the written notice of redemption described above; provided, the Corporation may withhold for taxes from any cash payment due to Recipient with respect to the redemption of Phantom Stock. The Corporation shall cause to be issued and delivered to the Recipient the monies due upon redemption of the shares of Phantom Stock, in cash or by check, corporation draft or money order as soon as practicable following the receipt of notice and payment described above, but in no event later than 60 days following the Redemption Date.

## ARTICLE 5
## NONTRANSFERABILITY OF SHARES

Except as provided in the Plan, this grant of Phantom Stock shall not be transferable or assignable by the Recipient. The shares of Phantom Stock shall be redeemable during the Recipient's existence only by the Recipient. The shares of Phantom Stock shall not be pledged or hypothecated in any way, and shall not be subject to execution, attachment or similar process. Any attempted transfer, assignment, pledge, hypothecation or other disposition of the shares of Phantom Stock contrary to the provisions hereof and the provisions of the Plan, and the levy of any process upon the shares, shall be null, void and without effect.

## ARTICLE 6
## EFFECT OF AMENDMENT, SUSPENSION
## OR TERMINATION OF PLAN

No amendment, suspension or termination of the Plan shall, without the Recipient's written consent, and only with respect to previous grants of shares of Phantom Stock, adversely alter or impair the shares of Phantom Stock granted under the terms of this Agreement unless in response to changes in laws, rules, regulations or regulatory interpretations.

## ARTICLE 7
## TERMINATION OF GRANT AFTER DISSOLUTION

After the Recipient's dissolution, the right to redeem any shares of Phantom Stock shall terminate. In no event may shares of Phantom Stock be redeemed after the expiration or termination of the Phantom Stock, or such other date as specified in Article 3.

## ARTICLE 8
## ACKNOWLEDGEMENTS

Section 8.1. Copy of Plan. The Recipient acknowledges prior receipt of a copy of the Plan, and the Recipient represents that he is familiar with the terms and provisions of the Plan and accepts the grant of the shares of Phantom Stock pursuant to the terms and subject to the conditions of the Plan. The Recipient acknowledges that nothing contained in the Plan or this Agreement shall (a) confer upon the Recipient any additional rights to continued employment or retention by the Corporation or any business entity related to the Corporation, or (b) interfere in any way with the right of the Corporation to terminate the Recipient's employment or retention or change the Recipient's compensation at any time.

Section 8.2. Voting Rights. The Recipient acknowledges that, while the Value of the Phantom Stock changes as the shares of the Corporation's Common Stock change in value, the grant of shares of Phantom Stock are not shares of the Corporation's Common Stock and the Recipient will have no rights, including, without limitation, voting rights, that are typical of common stock.

Section 8.3. Taxation. The Recipient acknowledges that, while no tax liability accrues at the grant of shares of Phantom Stock, tax liability will accrue at the time such shares of Phantom Stock become redeemable and the Recipient should seek the advice of the Recipient's own tax advisers or consultants to determine the tax consequences associated with redemption of the shares of Phantom Stock.

## ARTICLE 9
## TERM OF AGREEMENT

This Agreement shall terminate upon the earlier of (a) complete redemption of the shares of Phantom Stock; (b) mutual consent of the parties to this Agreement; or (c) occurrence of the expiration or termination of the grant of Phantom Stock.

IN WITNESS WHEREOF, the parties have executed and delivered this Agreement effective as of the Grant Date.

LONDON TRUST MEDIA INCORPORATED

By: _____
Ted Kim

Its: Chief Executive Officer

TURNKEY LINUX LTD.

By: _____
Liraz Siri

Its: Chief Executive Officer