IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03643-SKC

TURNKEY LINUX LTD., an Israeli Corporation,

    Plaintiff,

v.

PRIVATE INTERNET ACCESS,
formerly known as
London Trust Media Incorporated,
an Indiana Company

    Defendant.

## PRIVATE INTERNET ACCESS' ANSWER AND AFFIRMATIVE DEFENSES

Private Internet Access ("PIA"), by and through counsel, respectfully submits the following Answer and Affirmative Defenses to the Complaint and Demand for Jury Trial ("Complaint") filed by plaintiff Turnkey Linux Ltd. ("Turnkey") [ECF No. 1].

### Responses to Pleading

PIA provides the following responses to the allegations asserted against it by Turnkey:

1.     PIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2.     PIA admits that it was formerly known as London Trust Media Incorporated ("LTMI"), and that it is a supplier of VPN software. PIA denies the remaining allegations in Paragraph 2 of the Complaint.

3.     PIA denies the allegations of Paragraph 3 of the Complaint and refers to the document referenced for the proper description of its terms.

1

4.      PIA admits that it is an Indiana Corporation with a principal place of business in Colorado.  PIA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint.

5.      In response to the allegations in Paragraph 5 of the Complaint, PIA repeats and re-alleges each response to Paragraphs 1 through 9 [sic] of the Complaint as if fully set forth here.

6.      PIA denies the allegations of the first sentence of Paragraph 6 of the Complaint.  PIA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint.

7.      PIA denies the allegations of Paragraph 7 of the Complaint and refers to the document referenced for the proper description of its terms.

8.      PIA admits that Turnkey received 250 Phantom Shares of LTMI pursuant to a Phantom Stock Ownership and Long Term Incentive Plan.  PIA denies the remaining allegations of Paragraph 8 of the Complaint and refers to the documents referenced for the proper description of their terms.

9.      PIA denies the allegations of Paragraph 9 of the Complaint and refers to the document referenced for the proper description of its terms.

10.     PIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11.     PIA denies the allegations of Paragraph 11 of the Complaint and refers to the document referenced for the proper description of its terms.

12. PIA denies the allegations of Paragraph 12 of the Complaint and refers to the document referenced for the proper description of its terms.

13. PIA denies the allegations of Paragraph 13 of the Complaint.

14. PIA denies the allegations of Paragraph 14 of the Complaint.

15. PIA denies the allegations of in the first sentence of Paragraph 15 of the Complaint.  PIA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 15 of the Complaint

16. PIA denies the allegations of Paragraph 16 of the Complaint.

17. PIA denies the allegations of Paragraph 17 of the Complaint.

18. PIA denies the allegations of Paragraph 18 of the Complaint and refers to the document referenced for the proper description of its terms.

19. PIA admits the allegations of Paragraph 19 of the Complaint.

20. PIA denies the allegations of Paragraph 20 of the Complaint.

21. In response to the allegations in Paragraph 21 of the Complaint, PIA repeats and re-alleges each response to Paragraphs 1 through 21 [sic] of the Complaint as if fully set forth here.

22. PIA admits that Turnkey received 250 Phantom Shares of LTMI pursuant to a Phantom Stock Ownership and Long Term Incentive Plan.  PIA denies the remaining allegations of Paragraph 22 of the Complaint and refers to the documents referenced for the proper description of their terms.

23. PIA denies the allegations of Paragraph 23 of the Complaint.

24. In response to the allegations in Paragraph 24 of the Complaint, PIA repeats and re-alleges each response to Paragraphs 1 through 24 [sic] of the Complaint as if fully set forth here.

25. PIA denies the allegations of Paragraph 25 of the Complaint and refers to the documents referenced for the proper description of their terms.

26. In response to the allegations in Paragraph 26 of the Complaint, PIA repeats and re-alleges each response to Paragraphs 1 through 26 [sic] of the Complaint as if fully set forth here.

27. PIA denies the allegations of Paragraph 27 of the Complaint.

In response to Turnkey's prayer for relief, PIA denies that Turnkey is entitled to any damages, remedy, or relief on any of the claims asserted in the Complaint.

## **Affirmative Defenses**

1. Turnkey fails to state a claim upon which relief may be granted because, among other reasons, the allegations of the Complaint do not establish that Turnkey fulfilled its own contractual obligations that were conditions to the relief sought or that a claim for breach of the covenant of good faith and fair dealing is permissible as a matter of law.

2. Turnkey is barred from any recovery by the equitable doctrines of waiver, estoppel, acquiescence, and/or laches because, among other reasons, Turnkey knew all the relevant facts but failed to timely take required action to notify PIA (i) of its intention to redeem its Phantom Shares or (ii) that it did not agree that the Board

Advisor Agreement has been terminated, and PIA reasonably relied on Turnkey's conduct.

1. Turnkey will be unjustly enriched if it is granted the relief it seeks because, among other reasons, it seeks recovery in connection with its Phantom Shares above and beyond the parties' agreement, and it seeks compensation from PIA under an advisory agreement despite not having provided any services thereunder.

2. Turnkey failed to exercise reasonable care to mitigate its alleged damages, and Turnkey's failure to exercise reasonable care caused Turnkey to suffer harm not attributable to PIA.

## **Prayer for Relief**

PIA respectfully requests that the Court issue Judgment: (1) dismissing Turnkey's claims; (2) denying all relief that Turnkey seeks against PIA; and (3) granting PIA any relief that the Court deems appropriate in this case.

Respectfully submitted this 24th day of February 2021.

                                          */s/ Chris LaRocco*
                                          Chris LaRocco
                                      BRYAN CAVE LEIGHTON PAISNER LLP
                                      1290 Avenue of the Americas
                                      New York, New York 10104
                                      Telephone: (212) 541-2000
                                      chris.larocco@bclplaw.com

                                      Ivan L. London
                                      BRYAN CAVE LEIGHTON PAISNER LLP
                                      1700 Lincoln Street, Suite 4100
                                      Denver, CO 80203
                                      Telephone: (303) 861-7000
                                      ivan.london@bclplaw.com

                                      *Attorneys for Private Internet Access*

603043090

## CERTIFICATE OF SERVICE

      I hereby certify that on this 24th day of February, 2021, a true and correct copy of the foregoing **PRIVATE INTERNET ACCESS'S ANSWER AND AFFIRMATIVE DEFENSES** was filed via CM/ECF which will send notice of the filing to counsel of record as follows:

David Alan Makman
Law Offices of David Alan Makman
483 Seaport Court, Suite 103
Redwood City, CA 94063
Phone: 650-520-5584
Email: david@makmanlaw.com

*Attorney for Plaintiff*

                                            *s/ Chris LaRocco*
                                            Chris LaRocco