**/s IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO**

Civil Action No.  1:20-cv-03643-SKC

TURNKEY LINUX LTD., an Israeli Corporation,

Plaintiff,

v.

Private Internet Access, Inc., formerly known as London Trust Media Incorporated, An Indiana Company

Defendant.

**SCHEDULING ORDER**

## 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A case management conference is scheduled for March 16, 2021.  Appearances of counsel are as follows:

<u>For the Plaintiff, Turnkey Linux Ltd.</u>:
**The Law Offices of David A. Makman**
David Alan Makman
483 Seaport Court, Suite 103
Redwood City, CA 94063
Tel: 650-520-5583
Email: David@makmanlaw.com

<u>For the Defendant, Private Internet Access, Inc.</u>:
**Bryan Cave Leighton Paisner LLP**

| Chris LaRocco | Ivan L. London |
|---|---|
| 1290 Avenue of the Americas | 1700 Lincoln Street, Suite 4100 |
| New York, New York 10104 | Denver, CO 80203 |
| Telephone: (212) 541-2000 | Telephone: (303) 861-7000 |
| chris.larocco@bclplaw.com | ivan.london@bclplaw.com |

1

## 2.  STATEMENT OF JURISDICTION

The Court here has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) as the amount at issue is greater than $75,000.00, and Plaintiff is an Israeli Corporation while Defendant is an Indiana Corporation with a headquarters in Colorado.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff:

Plaintiff alleges that, pursuant to the agreements attached to the Complaint, Plaintiff was allocated phantom shares.  When Defendant Corporation was acquired, Defendant would not agree to pay the agreed-on value of the phantom shares.  Further, in order to appropriate value for itself at the expense of some of the holders of phantom shares, Defendant tried to create categories of "major phantom shareholder" and "minor phantom shareholder."  Plaintiff never agreed to these designations and claims they were used as part of an improper scheme to reward some holders of phantom shares more than others. Plaintiff has alleged causes of action for Breach of Contract and for Breach of the Implied Covenant of Good Faith and Fair Dealing.

b. Defendant:

The agreements executed between Plaintiff and Defendant set forth the parties' respective rights and responsibilities.  According to those agreements, Plaintiff was entitled to receive cash in exchange for its phantom shares upon a change in control of Defendant, and those phantom shares would be assigned a value to be determined in the sole discretion of the board of directors of Defendant at that time.  The parties'

2

agreements in no way contemplate an "agreed-on value of the phantom shares" as between Plaintiff and Defendant.  As part of the transaction by which Defendant was acquired, and based on the overall consideration for that transaction, a cash value per phantom share was determined.  Plaintiff then had the opportunity to receive the value it had been promised but failed to fulfill its own obligations under the parties' agreement in order to receive that payment.

Nonetheless, even if Plaintiff had not failed to do what was required to receive payment, it would still not be entitled to any payment beyond what was promised in the parties' agreements.  All of the phantom shareholders received the same value for their shares as calculated by Defendant, and Plaintiff had the opportunity to collect exactly what it and Defendant had agreed to.  Allegations that Defendant categorized the phantom shareholders into "major" and "minor" shareholder groups do not alter the agreement between Plaintiff and Defendant, entitle Plaintiff to receive more than it bargained for or constitute a breach of any agreement between the parties. Finally, any additional contention that Plaintiff is due ongoing remuneration under the Board Advisory Agreement must fail where Plaintiff has performed no services under that agreement since at least October 2018, and it has been terminated. Plaintiff's claims are without merit.

  c. Other Parties:

There are no other parties in this case.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

On or about November 12, 2017, Plaintiff and Defendant entered into that certain Board Advisor Agreement attached to the Complaint.

On or about November 12, 2017, Plaintiff and Defendant entered into that certain Phantom Stock Agreement attached to the Complaint.

### 5. COMPUTATION OF DAMAGES

Plaintiff contends that it is entitled to the compensation that is provided for in the agreement, *i.e.*, the fair value of 0.5 percent ownership of LTMI as of the date of the merger as damages for LTMI's breach of its Phantom Share obligation to Turnkey, along with $6,000.00 per month from October 8, 2018 to the present as damages for LTMI's breach of its monthly payments obligations and also prejudgment interest on benefits awarded, all of which would have accrued by the time of the filing of this Complaint.  A precise calculation of this amount will require expert analysis and discovery, but Plaintiff's best current estimate is that damages will be on the order of One Million Dollars ($1,000,000.00).

Defendant contends that Plaintiff has suffered no damages.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting:

March 5, 2021

b. Names of each participant and party he/she represented:

David Makman on behalf of Plaintiff; Chris LaRocco and Ivan London on behalf of Defendant.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made:

Initial Disclosures will be exchanged on March 31, 2021. The original deadline for initial disclosures passed before Defendant made an appearance in the case. The parties also continue to discuss settlement in an effort to avoid the costs of litigation.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R.Civ. P. 26(a)(1):

The parties propose to exchange initial disclosures on the agreed-on date.

e. Statement concerning any agreements to conduct informal discovery:

There have been no such agreements to date.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

There have been no such agreements to date.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

The parties anticipate that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form, and discussed that expectation at their Rule 26(f) meeting, including a proposed form and format of production. The parties have each, respectively, been informed of their obligations to preserve electronic data and

5

other records relevant to this matter.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:

The parties have exchanged settlement offers but remain sufficiently far apart to proceed with the action in parallel to ongoing negotiations.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:

The parties do not propose any modifications.

b. Limitations which any party proposes on the length of depositions:

The parties do not propose any modifications.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission:

The parties do not propose any modifications.

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

August 16, 2021.

e. Other Planning or Discovery Orders:

The parties do not set forth any other proposed orders concerning scheduling or

discovery at this time.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

   April 30, 2021.

b. Discovery Cut-off:

   October 1, 2021, for fact discovery. Expert depositions to be completed by December 31, 2021.

c. Dispositive Motion Deadline:

   January 31, 2022.

d. Expert Witness Disclosure

      1. The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff anticipates that an expert may be required in order to calculate the proper valuation of certain compensation (shares in the merged entity) that were awarded to some holders of Phantom Shares but were not offered to Plaintiff.

Defendant will retain such rebuttal expert witnesses as necessary to address any deficiencies in the expert report and/or testimony of Plaintiff's expert.

      2. Limitations which the parties propose on the use or number of expert witnesses.

The parties agree to a limitation of one expert witness per side.

      3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>November 1, 2021</u>.

   4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or <u>December 1, 2021</u>.

   5. The above deadlines are for expert reports and rebuttal reports.  Expert depositions to be completed by <u>December 31, 2021</u>.

 e. Identification of Persons to Be Deposed:

Plaintiff identifies the following without prejudice to its rights to identify additional or different witnesses after receiving document discovery:

 Ted Kim
 Andrew Lee
 Richard Lee

Defendant identifies the following without prejudice to its rights to identify additional or different witnesses after receiving document discovery:

 Corporate Representative of Plaintiff

## 10.  DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

  _____.

b. A final pretrial conference will be held in this case on _____ at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:

 The parties have conferred, and are not aware of any disagreements regarding discovery or scheduling issues at this time.

b. Anticipated length of trial and whether trial is to the court or jury.

   The parties anticipate that a jury trial in this matter would take 3–5 days.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301:

   The parties do not believe that pretrial proceedings will be more efficiently or economically conducted at the above-described facilities.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon showing of good cause.

DATED at Denver, Colorado, this ____ day of _____, 20__.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

/s  *David Alan Makman*
David Alan Makman
The Law Offices of David A. Makman
483 Seaport Court, Suite 103
Redwood City, CA 94063
Tel: 650-520-5583
David@makmanlaw.com

/s/ Chris LaRocco
Chris LaRocco
BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 541-2000
chris.larocco@bclplaw.com

Ivan L. London
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
ivan.london@bclplaw.com
*Attorneys for Defendant*